# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RANCH 620 RETAIL PARTNERS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-2825 |
| | § | |
| RICHARD SODJA & MOLLY SODJA, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Ranch 620 Retail Partners, Ltd.'s ("Ranch 620") motion for summary judgment (Dkt. 3), defendants Richard Sodja and Molly Sodja's ("the Sodjas") response (Dkt. 8), Ranch 620's sealed reply (Dkt. 10), and the Sodjas' sur-reply (Dkt. 15). Ranch 620 seeks summary judgment on its sole claim against the Sodjas for breach of contract, in addition to judgment for a sum certain of "$1,195,126.25, plus pre-judgment interest, attorneys' fees and costs, post-judgment interest until the judgment is paid, and costs of suit." Dkt. 3 ¶ 14.

Having considered the pleadings, the evidentiary record, and the applicable law, the court finds that Ranch 620's motion should be **GRANTED** as to liability, but that a hearing is required to determine the precise amount of damages.

## I. BACKGROUND

At issue in this case is a May 20, 2015 guaranty agreement signed by Richard Sodja and Molly Sodja, the guarantors, in favor of Ranch 620. Dkt. 3-1, Ex. 1-B. The guaranty was executed contemporaneously as consideration for a lease agreement, in which Ranch 620 is the landlord and CLA Austin Trails, LLC is the tenant. Dkt. 3-1, Ex. 1-A. The guaranty provides that the Sodjas are "absolutely and unconditionally" responsible for "performance and observance of all amounts to be

paid and provisions of the Lease provided to be performed and observed by Tenant" in the "Event of Default under the Lease." Dkt. 3-1, Ex. 1-B. There is no dispute that the guaranty is valid. Nor is there any real dispute that the tenant is in default.[1] The only dispute is how much the guarantors owe. According to Ranch 620, the Sodjas owe "$1,195,126.25, plus pre-judgment interest, attorneys' fees and costs, post-judgment interest until the judgment is paid, and costs of suit." Dkt. 3 ¶ 14. According to the Sodjas, Ranch 620 began modifying the tenant's rent in late 2016. Dkt. 8 ¶ 11. The Sodjas claim that "Plaintiff's modification of the rent . . . inures to the benefit of the defendants as surety guarantors," and that this precludes summary judgment. Dkt. 8 at 8.

## II. LEGAL STANDARD

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Id.* (quoting *Little*, 37 F.3d at 1075). "[O]n summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor.'" *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th

---

[1] *See infra* at 3–4. The parties dispute when default first occurred, but not that the tenant is currently in default. For the reasons explained below, this dispute is immaterial.

Cir. 2019) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656, 134 S.Ct. 1861, 188 L. Ed. 2d 895 (2014) (per curiam)).

### III. ANALYSIS

The standard for Ranch 620 to prevail on the instant motion is as follows:

> To prevail on summary judgment on a claim for breach of a guaranty, the plaintiff must establish (1) the existence and ownership of the guaranty, (2) the terms of the underlying contract, (3) the occurrence of the condition on which liability is based, and (4) the guarantor's failure or refusal to perform the promise.

*Norris v. Texas Dev. Co.*, 547 S.W.3d 656, 659 (Tex. App.—Houston [14th Dist.] 2018, no pet.). *See also Sunbelt Sav., FSB, Dallas, Tex. v. Birch*, 796 F. Supp. 991, 995 (N.D. Tex. 1992) (citations omitted) ("Under Texas law, a plaintiff may recover upon a guaranty if he shows (1) that the defendant executed the guaranty, (2) that the underlying note is in default, (3) that the plaintiff is the present holder of the note and guaranty, and (4) that a certain balance is due and owing.").[2]

Here, there is no dispute that the guaranty, attached to Ranch 620's summary judgment motion as Exhibit 1-B, is valid, or that Ranch 620 is the owner of the guaranty. There is no dispute as to the terms of the underlying lease. Nor is there a genuine dispute that the tenant is in default. Although the Sodjas dispute in their sur-reply that any Event of Default has occurred, that argument is without merit. Ranch 620 has submitted evidence showing that no rent was paid in July 2019 or August 2019 (*see* Dkt. 10-1 ¶¶ 9, 10), and the Sodjas have not even addressed that contention, much less designated specific facts showing that there is a genuine dispute as to whether any rent is owed for those months. *Boudreaux*, 402 F.3d at 540. While the Sodjas claim that there were "monthly

---

[2] Both parties cite different standards in which performance of the contract by the plaintiff/movant is an element. *See* Dkt. 3 ¶ 10; Dkt. 8 at 6–7. Whether this is an element of the standard or not, the court need not decide because there is no dispute that Ranch 620 has performed its obligations.

3

adjustments and payments of rent that left nothing owed when this case was filed" (Dkt. 8 at 1), the Sodjas do not dispute that the tenant was in default by at least July 26, 2019 (*id.* ¶ 17), and remained in default at the time the instant motion was filed (*id.* ¶ 18). Nor have the Sodjas alleged that any default occurring after July 2019 has been cured. That the tenant is presently in default—regardless of when default *first* occurred—is sufficient to trigger the Sodjas' liability. Finally, given that this suit was instigated to compel the Sodjas' performance as guarantors, there is no dispute that the Sodjas have failed to perform their promise. Accordingly, Ranch 620 has established all the elements required to prevail on its summary judgment motion.

However, the Sodjas raise a number of suretyship defenses that they claim preclude summary judgment. The Fifth Circuit explains these defenses in the context of a "absolute and unconditional" guaranty—like the one at issue here—succinctly in *United States v. Vahlco Corporation*:

> In an action to enforce a guaranty, the guarantor may assert as a defense that the terms of the guaranteed agreement have been altered materially. Under Texas law, the guarantor of a note is discharged from his obligation to answer for that debt if the creditor grants an extension of time for the payment of the note to the principal debtor. . . . These defenses, based upon changes to the underlying obligation and therefore changes to the guaranty, are termed suretyship defenses. A suretyship defense is an affirmative defense, and ***the burden of proving a change rests on the guarantor***. . . .
>
> That a guaranty is conditional or unconditional has nothing to do with whether the guarantor waives asserting the suretyship defenses; the two are simply not related. The conditional or unconditional nature of a guaranty has to do only with whether there is a condition precedent to the creditor enforcing the guaranty against the guarantor. An unconditional guarantor does not waive the right to be discharged if the creditor and principal debtor vary the terms of the underlying obligation. The suretyship defenses arise by operation of law, and ***absent an express waiver***, even an absolute and unconditional guarantor may assert them.
>
> In ruling that the absolute nature of his guaranty precluded Vahlsing from raising the suretyship defenses, the court relied on a number of cases involving personal guaranties of SBA loans in which the SBA had extended the maturity of the

4

> loan or impaired collateral securing the loan. The district court noted that in each of those cases the guaranty was absolute and unconditional and in each case the guarantor was precluded from raising defenses based upon the SBA extending the maturity date or impairing collateral. ***All of those cases, however, have a common denominator not found in the instant case. In each of those cases the guarantor expressly waived any defenses arising from extensions or impairment of collateral.*** The guaranty executed by Vahlsing contains no express waiver, and we refuse to imply such a waiver.

*United States v. Vahlco Corp.*, 800 F.2d 462, 465–67 (5th Cir. 1986) (emphasis added) (citations omitted).

Unlike the plaintiff in *Vahlco*, each of the suretyship defenses that the Sodjas seek to raise here were expressly waived in the guaranty. The Sodjas' contention that "modification of the rent required by the lease inures to the benefit of the defendants as surety guarantors" (Dkt. 8 at 8) is foreclosed by the express waiver of "[a]ny defense based on . . . modification . . . or limitation of the liability of Tenant to Landlord from any cause, whether consented to by Landlord or arising by operation of law . . . ." (Dkt. 3-1, Ex. 1-B ¶ c).[3] The same goes for the Sodjas' contention that "[t]he court must examine the underlying contract to determine what is due and unpaid, so that involves this court discovering the terms of the underlying obligation and whether those terms were modified as the defendants contend." Dkt. 15 at 3. The court need not decide whether the lease was modified, because even if it was, the guaranty expressly waives the suretyship defense of modification.

The Sodjas attempt to avoid this problem by citing to *Carto Props., LLC v. Briar Capital,*

---

[3] The Sodjas' argument that guaranty agreements are "strictly construed in favor of the guarantor" (Dkt. 8 at 6) applies only where the guaranty is ambiguous. *See Resolution Tr. Corp. v. Cramer*, 6 F.3d 1102, 1106 (5th Cir. 1993) (finding that where the guaranties at issue were *not* ambiguous, they should be construed as a matter of law and enforced "according to their terms"). The Sodjas' pleadings do not even mention ambiguity, much less suggest what portion of the guaranty is ambiguous. The court finds that the guaranty is unambiguous and thus construes it as a matter of law and will enforce it according to its terms.

*L.P.*, which states that "[a] guarantor's liability is measured by the principal's liability ***unless a more extensive or more limited liability is expressly provided for in the guaranty***." Dkt. 15 at 4 n.10 (emphasis added) (quoting *Carto Props., LLC v. Briar Capital, L.P.*, 01-15-01114-CV, 2018 WL 827558, at *11 (Tex. App.—Houston [1st Dist.] Feb. 13, 2018, pet. denied). Rather than support the Sodjas' arguments, this citation plainly demonstrates why they are liable. Here, a more extensive liability was expressly provided for in the guaranty because the Sodjas waived "[a]ny defense based on any claim that Guarantor's obligations exceed or are more burdensome than those of Tenant." Dkt. 3-1, Ex. 1-B ¶ b. That waiver, coupled with the express waiver of a modification defense and the Sodjas' absolute and unconditional liability for "all amounts to be paid" means that the Sodjas are liable for all amounts due under the original lease terms, regardless of whether said lease was modified as to landlord and tenant. *Id.* Accordingly, all of the Sodjas' attempts to argue that there is no debt are unavailing.

For all of the reasons stated above, the court **GRANTS** summary judgment to Ranch 620 on the issue of the Sodjas' liability. However, the court will not award damages without a hearing. In advance of a damages hearing though, the court wants to be clear that the hearing is *not* an opportunity to re-litigate this order, and there are certain arguments that the court will not entertain. The court will not entertain arguments for a stay until the tenant's bankruptcy proceedings have concluded. Nor will the court entertain arguments that the amount owed by the Sodjas is dependent on the outcome of the tenant's bankruptcy proceedings. The court finds that the guaranty expressly waives such arguments. *See* Dkt. 3-1, Ex. 1-B ¶ c (waiving "[a]ny defense based on . . . limitation of the liability of Tenant to Landlord from . . . any bankruptcy . . . proceeding . . . for the adjustment of debtor-creditor relationships"); ¶ d (waiving "[a]ny defense based on any action taken or omitted

by Landlord in any Insolvency Proceeding involving Tenant"). The purpose of the hearing is solely to determine the amounts due under the original lease, minus any amounts paid thus far.

### IV. CONCLUSION

For the reasons stated above, the court **GRANTS** the motion for summary judgment (Dkt. 3) on the issue of liability. The hearing regarding damages will be held on January 22, 2020 at 1:30 p.m. in Courtroom 9-D, 515 Rusk, Houston, Texas.

Signed at Houston, Texas on December 31, 2019.

_____
Gray H. Miller
Senior United States District Judge